UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| EDWIN F. FISHER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) 1:12-cv-00125-JAW |
| | ) |
| STATE OF MAINE, | ) |
| | ) |
| Respondent | ) |

**RECOMMENDED DECISION ON 28 U.S.C. § 2254 PETITION**

Edwin F. Fisher, convicted of gross sexual assault in January 2008, in the Aroostook Superior Court, Caribou, Maine filed a petition pursuant to 28 U.S.C. § 2254 in this court on April 13, 2012. Fisher was charged with engaging in a sexual act with a young girl who was not yet twelve years of age. The allegations arose in the fall of 2005 when the victim and another fourth grade student disclosed to a school social worker that they had been sexually molested by different individuals on separate occasions. The victim in this case described the perpetrator of sexual abuse against her as Mr. Fisher, a man who had been living with her grandmother during the summer months. I now recommend that the court deny the petition.

**Procedural Background**

On March 10, 2006, the Aroostook County Grand Jury returned an indictment charging the petitioner, Edwin Fisher, with one count of gross sexual assault. (State Court Record § A.2, Indictment, State of Maine v. Edwin Fisher, No. CARSC-CR-2006-00129.) On January 14, 2008 (after a first trial ended in a mistrial), the parties selected a jury for Fisher's retrial, which began receiving evidence on January 17, 2008. (Id. § A.3, Trial Transcript.) Later that same date, the jury returned a guilty verdict against Fisher. (Id., Trial Transcript at 169.) On

1

December 4, 2008, the Superior Court imposed the following sentence: a twenty (20) year term of imprisonment in the custody of the Department of Corrections, with all but ten (10) years suspended, to be followed by an eighteen (18) year period of probation with special conditions.[1] (Id. § A.4, Judgment and Commitment.)

Initially, Fisher did not file either a notice of direct appeal pursuant to Rule 2(a)(1) of the Maine Rules of Appellate Procedure and 15 M.R.S. § 2115, or an application for leave to appeal sentence pursuant to Rule 20 of the Maine Rules of Appellate Procedure 15 M.R.S. § 2151. Fisher's 21-day period to file such notices expired on December 26, 2008. His failure to appeal to Maine's highest court also precluded Fisher from filing a petition for a writ of certiorari with the United States Supreme Court. Accordingly, Fisher's judgment of conviction became final on December 26, 2008.

On April 2, 2009, Fisher filed a petition for post-conviction review pursuant to 15 M.R.S. § 2129 and Rule 68 of the Maine Rules of Criminal Procedure. (State Court Record § C, Edwin Fisher v. State of Maine, Me., No. CARSC-CR-2009-00184.) On September 10, 2010, appointed counsel filed an amended petition that alleged two grounds: (a) ineffective assistance of counsel for failing to call certain witnesses at trial and (b) ineffective assistance of counsel for failing to file either a direct appeal or a sentence appeal. (Id. § C.2, Amended Petition.) On September 30, 2010 (after the State filed an answer conceding ground two), the Superior Court issued an order granting relief to Fisher on ground two of the amended petition without addressing the first ground.

---

[1] Fisher asks at the end of his petition, perhaps in a rhetorical manner, how can his entire sentence be greater than the 20 years of actual imprisonment he was sentenced to serve? He believes 10 years followed by 18 years probation is somehow in violation of the underlying 20 year sentence. Because Fisher does not set this out as a separate ground (nor could he successfully), I do not intend to address it, except to inform Fisher that the sentence he received is perfectly lawful under 17-A M.R.S. § 1202(1-A)(A)(1), which authorizes up to eighteen years of probation for the offense of which he was convicted.

On October 29, 2010, pursuant to the Superior Court's order reinstating his right to appeal, Fisher filed both a notice of direct appeal and an application for leave to appeal sentence. (Id. § B, State of Maine v. Edwin Fisher, No. ARO-10-700; SRP-10-701, Law Court Docket Sheet, Brief of Appellant.)  On May 6, 2011, the Sentence Review Panel denied Fisher's application for leave to appeal sentence.  On July 28, 2011, the Law Court affirmed the judgment of conviction in a memorandum of decision.  (Id. § B.3, State v. Fisher, No. Mem-11-120 (Jul. 28, 2011).)

On September 27, 2011, Fisher filed an initial pro se section 2254 petition with this court. Edwin Fisher v. State of Maine, No. 1:11-CV-00360-JAW.  On November 30, 2011, the magistrate judge issued a decision recommending that the petition be dismissed without prejudice to allow Fisher to file a state petition for post-conviction review directed to the grounds that had not been decided when the first petition was granted, which recommendation the court affirmed on December 7, 2011.

On April 11, 2012, Fisher signed the current section 2254 petition and filed it on April 13, 2012.  On May 14, 2012, I granted without objection a motion to stay the petition to allow Fisher to exhaust the ground left undecided in Fisher's 2010 amended petition.  On July 12, 2012, the Superior Court issued an order amending its September 30, 2010, order on Fisher's state post-conviction review petition by denying ground one of the amended petition on the merits.  On July 31, 2012, Fisher's appointed counsel filed a notice of discretionary appeal and on August 21, 2012, a memorandum in support of a certificate of probable cause.  On November 6, 2012, the Maine Law Court issued an order denying Fisher's request for a certificate of probable cause.

On November 14, 2012 (after the State submitted a status report to inform the court that state remedies had been exhausted), I issued an order lifting the stay and ordering the State to respond to Fisher's April 2012 section 2254 petition. The matter is now properly before this Court for decision.

**Factual Background**

During a counseling session with the school social worker and another student, the eleven year old victim in this case disclosed that Fisher molested her. During the trial, the social worker testified and Fisher's defense attorney effectively cross-examined her to determine that the initial report consisted solely of genital to genital contact, with the social worker describing a report in which Fisher rubbed his genitals against the victim's crotch. (Trial Transcript at 34-39.) He also effectively attempted to explore the notion that the second student had said something suggestive that led to the victim's disclosure, but the testimony from the social worker did not support that theory. (Id. at 38-39.)

The victim also testified at trial and she described Fisher as having performed oral sex on her. Significant to the issues raised in this petition, she described Fisher as wearing "boxer pants" and a tank top. (Id. at 47.) Fisher's defense counsel cross-examined the victim and pointed out the inconsistency in her story compared with the social worker's. (Id. at 56.) According to the victim, she told her friend (the other student) about the incident and during the meeting with the social worker the friend reported that the victim had been molested. In contrast, the social worker's version was that the other student reported she had been molested and then Fisher's victim spontaneously interjected that the same thing had happened to her. According to the victim, the other student never reported that she had herself been molested. The victim also denied that she had told the social worker about genital to genital contact and

4

insisted she had related the incident involving oral sex to her. (Id. at 58.) The victim did agree that prior to counseling sessions the friend had told her she herself had been molested, but the victim insisted they did not discuss the friend's molestation with the social worker. (Id. at 60.) On re-cross examination the defense lawyer further explored the young girls' prior discussions between themselves about molestation. (Id. at 63-64).

The defendant chose to testify in his own behalf at trial. (Id. at 98.) Defense counsel made sure that the State could not use the defendant's prior conviction for a sexual offense for impeachment purposes. (Id. at 99.) Fisher denied any sexual contact with the victim. He also denied having ever worn boxer shorts. (Id. at 106.) Defense counsel's closing argument emphasized that the victim had apparently told inconsistent versions of the events. The defense did his best to suggest to the jury a possible reason for the victim to fabricate her story, maybe "a troubled girl in counseling" (id. at 157), or perhaps a little girl influenced by her friend's report of molestation (id. at 157-58).

In his reinstated direct appeal Fisher raised three issues, arguing first and foremost that the victim's testimony was so inherently inconsistent as to create a reasonable doubt of guilt. Fisher also argued error in instructions on witness credibility and that the prosecutor's closing argument was improper. (State Court Record § B.2, Brief at 4.) In a one-page memorandum of decision, the Law Court denied the appeal. (Id. § B.3, Memorandum of Decision.) In his state court petition for post-conviction review Fisher alleged that trial counsel was ineffective because he failed to call two witnesses at trial. (Id. § C.2, Petitioner's Memorandum at 3.) Those witnesses were his mother and his sister, both of whom would have testified that Fisher never wore boxer underwear, always briefs. Without discussing the first prong of the Strickland analysis, the state court post-conviction justice concluded that Fisher could not show prejudice

5

because the witnesses' testimony was offered merely for the purpose of impeachment and the failure to call them did not deprive the defendant of a substantial ground of defense. Additionally, the post-conviction justice concluded that the witnesses' testimony, if offered to prove what Fisher actually wore on the night in question, was mere speculation and would have been unlikely to change the outcome of the proceeding. (Id. § C.5, Amended Order at 2-3.) The sole issue raised in the motion for discretionary review of the court's finding was a claim of ineffective assistance of counsel for failing to call these two witnesses. (Id. § D.2, Memorandum in Support of Request for Probable Cause at 2.)

## Discussion

Fisher's pro se petition for habeas corpus raises four separate grounds, with grounds one and three appearing to be redundant since both allege that there was insufficient evidence to convict the defendant in light of the contradictory and inconsistent testimony of the victim and the irrelevant testimony offered by other prosecution witnesses. Ground four alleges ineffective assistance of counsel for failing to call the two witnesses to weigh in on the "boxers v. briefs" issue. The second ground, a claim lacking any constitutional dimension, appears to be that the social worker violated some unspecified school board standard when she allowed the two girls to be in the same room when talking about an issue involving a sexual assault.

**A.    Sufficiency of the evidence challenges based on witness credibility**

Fisher raised a sufficiency of the evidence claim on direct appeal to the Maine Law Court following his conviction. Although Fisher did not cite the Fourteenth Amendment to the United States Constitution in his Law Court brief and did not cite any federal cases regarding this claim, the state law cases he did cite apply the standard announced in, and can ultimately be traced back to, the United States Supreme Court's decision in Jackson v. Virginia, 443 U.S. 307 (1979).

Jackson established a Fourteenth Amendment due process right to be convicted on evidence, when viewed in the light most favorable to the State, that allows any rational trier of fact to find proof beyond a reasonable doubt of each element of the charged offenses.  Id. at 318-19.

Thus, this claim is fully cognizable under habeas corpus review because it is of constitutional dimension under 28 U.S.C. § 2254(a) and has been fully exhausted under § 2254(b)(1)(A).  Pursuant to section § 2254(d)(1), the issue for this Court then becomes whether the Law Court's conclusion that the evidence was sufficient to sustain Fisher's conviction was  an "objectively unreasonable" application of, or "contrary to" clearly established federal law as determined by the United States Supreme Court.  This provision means that a federal habeas court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court.  The federal court may do so only if it concludes that the state court decision was objectively unreasonable, not merely incorrect.  Cavazos v. Smith, 132 S. Ct. 2, 3 (2011) (rejecting federal habeas challenge where sufficiency of the evidence challenge under Jackson turned on the jury's determination of expert credibility).

This case lacked forensic evidence, eyewitnesses, or circumstantial evidence corroborating the victim's testimony.  Additionally, the victim's testimony was inconsistent and directly contradicted by the testimony of some other witnesses.  In these respects the case was not unlike many other cases involving sexual acts perpetrated upon young victims, in private, by family or household members.  The entire case turned upon which witness was to be believed, and the jury concluded that the victim's testimony had the ring of truth.  The Law Court's decision to uphold the jury's determination concerning witness credibility was not only objectively reasonable under prevailing Supreme Court precedents, it was in accord with the

7

First Circuit's own understanding of Jackson in the context of witness credibility. Foxworth v. St. Amand, 570 F.3d 414, 427 (1st Cir. 2009) ("It is well-established, though, that determining a witness's credibility, even in the face of a furious attack, is a function that falls squarely within the province of the jury.")

**B.     Ineffective assistance of counsel**

Fisher complains generally that his counsel just sat there and did not provide him with a defense. But even a cursory review of the trial transcript indicates that counsel was paying attention to business and made a number of important defensive maneuvers, including making sure that Fisher's prior history of a sexual assault conviction was not admitted into evidence in front of the jury. He also obtained an in limine ruling to limit any mention of pornography that might have been in Fisher's possession. (Trial Transcript at 3.) Furthermore, as to the specific issue raised by Fisher regarding his mother and sister testifying on his behalf, the trial transcript indicates that the sister was unable to get to the courthouse on the day of trial and the defense attorney alerted the court that he might want to substitute the mother's testimony for the sister's, indicating he had never intended to call them both. (Id. at 5.) Then, for whatever reason, the defense attorney decided not to call the mother.[2]

To succeed on a claim of ineffective assistance of counsel in the context of 28 U.S.C. §2254 review, Fisher must show both deficient performance by counsel and resulting prejudice. Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010) (citing Strickland, 466 U.S. at 687). The deficient performance prong of this test requires Fisher to demonstrate that counsel's conduct in

---

[2]     The state post-conviction court never held an evidentiary hearing so it is impossible to speculate as to what, if any, strategic motivations guided that decision. If I were assessing counsel's performance de novo based on the record before me, I would conclude that his performance was adequate and that he touched upon all of the truly important points in cross-examination and argument. Concerning the "boxer pants," there appeared to be an unanswered question of whether the defendant might have been wearing some type of shorts on the evening in question. (Trial Tr. at 106.) Defense counsel's strategic choice (if it was a strategic choice) to steer clear of the topic is certainly understandable.

his case "fell below an objective standard of reasonableness." Id. (quoting Strickland, 466 U.S. at 688). Even without the overlay of 28 U.S.C. § 2254(d) deference, this standard is highly tolerant of defense counsel's strategic choices.  Moreover, for Fisher to carry the prejudice prong he must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Fisher's failure "to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Strickland, 466 U.S. at 697.

In this case the state post-conviction court elected to forego any consideration of counsel's performance and concentrated instead on the prejudice prong.  Relying on a Maine case, Kimball v. Maine, 490 A.2d 653, 657 (Me. 1985), as standing for the proposition that failure to obtain impeaching testimony can never satisfy the prejudice prong because "counsel's ineffectiveness must have deprived the defendant of a substantial ground of defense" and impeaching testimony can never be a substantial ground of defense, the court found no prejudice. With all due respect, I do not believe the Law Court established any such categorical rule in Kimball and were it to have done so, the Law Court's rule would be contrary to clearly established Supreme Court precedent as set forth in Giglio v. United States, 405 U.S. 150, 154-55 (1972), where the Court acknowledged that the prosecution's nondisclosure of impeaching evidence, when the reliability of the witness is determinative of guilt or innocence, amounts to a due process violation.  The actual rule in Maine is more accurately set forth in Maine v. Tremblay, 2003 ME 47, ¶ 24, 820 A.2d 571, 578, where the Law Court acknowledged that a trial court could violate a defendant's right to a fair trial if it deprived a party of a reasonable opportunity to elicit impeaching testimony.  By the same token, where defense counsel failed to elicit impeaching testimony that could reasonably be viewed as determinative of guilt or

9

innocence, the prejudice prong of Strickland would be satisfied. In this case the testimony simply does not rise to that level.

The post-conviction court correctly determined that the burden of affirmatively proving prejudice rested with the defendant and in this case the impeaching testimony was speculative in terms of making a determination about the "boxer pants" the victim said Fisher was wearing at the time of assault. Additionally, the witness was the defendant's mother, hardly a disinterested party. Furthermore, the jury heard abundant evidence impeaching the testimony of the victim and pointing out various inconsistencies. To conclude that the addition of Fisher's mother would not have tipped the scale in terms of the defendant suffering any prejudice is not an unreasonable application of any existing Strickland precedents. See Calderon v. Thompson, 523 U.S. 538, 564 (1998) ("Given the trial evidence impeaching each informant, we would disrespect the jury in [this]case if we were to find that, had it been presented with still more impeachment evidence, it would have reached a different verdict.") The state court conclusion was neither contrary to nor an unreasonable application of existing Supreme Court precedent regarding the significance of the omitted impeachment testimony and, thus, Fisher has not demonstrated prejudice under the second Strickland prong.

### C. Procedurally defaulted issue regarding school board policy

In his second ground, saved for last, Fisher complains that the school social worker should not have allowed another student to be present during a discussion with one student about a sexual assault. Fisher explains in his petition that he "just found out about" this policy. (Petition at 8.) To begin, this ground is procedurally defaulted because it was never raised in any of the state proceedings. Bucci v. United States, 662 F.3d 18, 29 (1st Cir. 2011). But even if Fisher had raised it prior to petitioning the federal court for habeas relief, the alleged violation

10

does not amount to a violation of the United States Constitution or federal law and is, therefore, not even cognizable in the context of a habeas motion. 28 U.S.C. § 2254(a). Even when a federal law is violated, non-constitutional claims may only be raised where the alleged error results in "a complete miscarriage of justice." Cross v. Cunningham, 87 F.3d 586, 588 (1st Cir. 1996) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). That a school social worker met with two students at once and heard one or both divulge a sexual assault and thereafter testified concerning the meeting at trial does not come anywhere near a complete miscarriage of justice for a defendant. Indeed, if anyone's rights were violated, it would not be the rights of the defendant. By like token, trial counsel did not provide ineffective assistance for failing to identify and raise this issue with the trial court. "Counsel's performance is deficient only if no competent attorney would have acted as he did." Wright v. Marshall, 656 F.3d 102, 108 (1st Cir. 2011). Competent counsel would not consider the issue viable in relation to preventing the admission of the social worker's testimony.

## CONCLUSION

For the reasons stated above, I recommend that the Court deny Fisher relief under 28 U.S.C. § 2254, with prejudice, and dismiss the petition. I further recommend that a certificate of appealability should not issue in the event Fisher files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

   Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

February 1, 2013       /s/ Margaret J. Kravchuk
               U.S. Magistrate Judge